AGEE, Circuit Judge,
concurring in part, dissenting in part, and concurring in the judgment:
I agree with the majority opinion that Advance America fails to satisfy the re *939 quirements of 28 U.S.C. § 1332(d)(2)(A) on the basis of its dual citizenship. I write separately because I respectfully disagree, in part, with the conclusion in the majority opinion that the language of the Complaint has limited the classes of plaintiffs to only South Carolina citizens as of the time the Complaint was filed. Nonetheless, I concur in the judgment of the majority because Advance America failed to meet its burden of proof to establish the citizenship of any plaintiff in a state other than South Carolina.
The Complaint sets out three classes of plaintiffs as follows:
Injunctive Relief Class: All citizens of South Carolina who are domiciled in South Carolina and who borrowed money from Defendant in the three years preceding the filing of the complaint or who will borrow money from Defendant in the future.
Damages Subclass One: All citizens of South Carolina who borrowed money from Defendant in the three years preceding the filing of this complaint whose monthly obligations exceeded 55% of their gross monthly income.
Damages Subclass Two: All citizens of South Carolina who renewed a loan with Defendant by repaying only the interest and received a new loan.
(J.A. 11) (emphasis added).
Advance America contends that these class definitions include “any individual who (1) entered into a deferred presentment services agreement with Advance America and (2) was at any time a South Carolina citizen.” (Br. Appellant 17.) Advance America then argues that the classes would include plaintiffs “who borrowed money” from it while a South Carolina citizen, but who thereafter became citizens of another state before the Complaint, was filed. The majority finds this argument unpersuasive based on its reading of the classes as defined in the Complaint and concludes that “if one of Advance America’s customers had in fact established domicile outside of customers would not be ‘citizens of South Carolina’ at the time the complaint was fried and therefore would not be members of the proposed class.” Supra at 937. For the reasons that follow, I agree with the majority as to the Injunctive Relief Class but disagree as to Damages Subclass One and Damages Subclass Two (collectively, the “Damages Subclasses”).
The plain language of the Complaint defining the Injunctive Relief Class describes its members in the present tense, that is, South Carolina citizens “who are domiciled in South Carolina.” (Emphasis added). This language establishes a class of plaintiffs who are South Carolina citizens even though the ultimate class membership is further restricted to those South Carolina citizens “who borrowed money from Defendant in the three years preceding the filing of the complaint.” If a person is not “domiciled in South Carolina” at the time the Complaint was filed then that person, by definition, cannot be a member of the Injunctive Relief Class.
The majority opinion correctly points out that the plaintiffs are “masters of their complaint,” supra at 937, and have considerable leeway in defining who is, and is not, within the class or classes of the Complaint. In this case, the plaintiffs have circumscribed the membership of the In-junctive Relief Class to include only South Carolina citizens, at least as of the filing of the Complaint. However, for whatever reason, the plaintiffs have not similarly delineated the members of the Damages Subclasses.
The definition of the members of the Damages Subclasses are not drawn in the present tense as is the Injunctive Relief *940 Class. The limiting phrase “who are domiciled in South Carolina,” or other similar denotation of present status, is missing. Instead, the Damages Subclasses are defined in the past tense, that is, South Carolina citizens “who borrowed money from Defendant in the three years preceding the filing of this complaint” or who “renewed a loan with Defendant.” Thus, to be a member of the Damages Subclasses, a person need only have borrowed from Advance America over the last three years, or renewed a loan, while a South Carolina citizen. These past actions while a South Carolina citizen speak not at all to that person’s subsequent status as a South Carolina citizen at the time the Complaint was filed.
The plaintiffs, as master of their complaint, have defined the members of the Damages Subclasses in a way that could include members who were South Carolina citizens when they initially borrowed or renewed a loan, but who ceased to be South Carolina Citizens before the Complaint was filed. The failure of the Complaint to place a certain temporal requirement on class membership leaves open the potential membership to persons who were not South Carolina citizens when the Complaint was filed, even though they were South Carolina citizens when their transactions with Advance America took place. If such persons with other than South Carolina citizenship do exist in fact, then the minimal diversity requirements enunciated in CAFA would be met and jurisdiction in the district court would be established. 28 U.S.C. § 1332(d)(2) (2006).
However, as the majority opinion correctly notes, “the burden of establishing jurisdiction remains with Advance America,” supra at 936, the party seeking removal to federal court. “[T]he party seeking to invoke federal jurisdiction must ... demonstrate the basis for federal jurisdiction.” Strawn v. AT & T Mobility LLC, 530 F.3d 293, 298 (4th Cir.2008). Even though, as pointed out above, the Damages Subclasses could include non South Carolina citizens, it is Advance America’s burden to show that there were indeed such members. Advance America failed to meet its burden of proof to show diverse citizenship in the Damages Subclasses as a matter of law. The only evidence proffered by Advance America to sustain its burden of proof was an affidavit declaring that certain customers “changed their residence and, therefore, citizenship.” (J.A. 22.) As the majority recognizes in footnote 2, citizenship is determined not by residence but by the jurisdiction in which a citizen is domiciled. “[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone.” Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir.1998) (internal citation omitted).
As Advance America’s only evidence of non South Carolina citizenship is a possible change of residence, not domicile, it fails to meet its burden of proof as a matter of law. Accordingly, even though I disagree with the majority’s conclusion that the Complaint’s definition of the Damages Subclasses limits their membership to citizens of South Carolina at the time the Complaint was filed, Advance America has failed to show any non South Carolina citizen actually exists. I thus concur in the judgment of the majority because Advance America has failed to demonstrate the existence of federal jurisdiction under 28 U.S.C. § 1332(d)(2).